IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CV F 04-6733 AWI LJO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS ON PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT** |
| vs. | (Doc. 21.) |
| 1999 LEXUS GS 400, VIN JT8BH68X6X0018002, LICENSE NUMBER 5CKC924, | |
| Defendants. | |

**INTRODUCTION**

In this civil forfeiture action, plaintiff United States of America ("Government") seeks:

1. Default judgment against the interests of three individuals and a used car business in a 1999 Lexus GS 400 automobile ("Lexus");[1] and

2. Entry of a final forfeiture judgment to vest in the Government all right, title and interest in the Lexus.

This Court considered the Government's default and final forfeiture judgment motion on the record and

---

[1] The subject Lexus' vehicle identification number is JT8BH68X6X0018002, and its license number is 5CKC924.

1

without oral argument or the now vacated August 25, 2006 hearing, pursuant to this Court's Local Rule 78-230(c)[2] and (h).  For the reasons discussed below, this Court RECOMMENDS to:

1. GRANT the Government default judgment and to ENTER final forfeiture judgment to vest in the Government all right, title and interest in the Lexus; and

2. ORDER the Government, within 10 days of service of an order adopting these findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with these findings and recommendations.

### BACKGROUND[3]

### Lexus Seizure

In October 2001, Monica Morales ("Ms. Morales") purchased the Lexus from Martinez Used Cars.  According to Ms. Morales, her brother Frank Gabriel Romero ("Mr. Romero") arranged purchase details, and she signed no paperwork.  After approximately six months, Ms. Morales could not afford the Lexus payments and gave the Lexus to Mr. Romero.  An April 29, 2004 California Certificate of Title indicates that Ms. Morales released her interest in the Lexus to "James Romero," the Lexus' current listed registered owner.

Mr. Romero was a target of a methamphetamine distribution investigation and made three one-pound sales of methamphetamine to a cooperating witness.  On July 21, 2004, federal law enforcement officers executed a search warrant at Mr. Romero's Turlock, California apartment and seized the Lexus, methamphetamine, a loaded gun, and other objects associated with methamphetamine distribution.  Mr. Romero was arrested for conspiracy to distribute methamphetamine.

The Federal Bureau of Investigation ("FBI") initiated an administrative forfeiture action against the Lexus and noticed all potential claimants.  James Roque ("Mr. Roque") filed a September 10, 2004 claim in the FBI forfeiture proceedings to claim that the Lexus "belongs to me although the title was erroneously named as James Romero, instead of James Roque."  Neither Mr. Romero nor Ms. Morales filed a claim in the FBI forfeiture proceedings.

---

[2] No timely opposition papers were filed.  Pursuant to this Court's Local Rule 78-230(c), no opposing party is entitled to oral argument in the absence of timely filed opposition papers.

[3] The below factual recitation is based on the Government's papers and record before this Court.

In October 2004, law enforcement officers interviewed Mr. Romero in his attorney's presence. Mr. Romero stated that he started to deal methamphetamine in 2001 and used drug proceeds to purchase his vehicles.

### **The Government's Claims**

On December 20, 2004, the Government filed its complaint for forfeiture in rem ("complaint") in this action to claim that the Lexus is subject to forfeiture to the Government under 21 U.S.C. § 881(a)(6) because it constitutes monies or other things of value furnished or intended to be furnished in exchange for a controlled substance or proceeds traceable to such an exchange, and/or were used or intended to be used to facilitate violation of 21 U.S.C. §§841, et seq.  Also on December 20, 2005, this Court issued a warrant and summons for arrest in rem ("arrest warrant") for the Lexus.  The warrant was executed on January 6, 2005.

### **Notice Of Forfeiture Action**

This Court issued its December 20, 2004 order for publication ("publication order") for the Government to provide public notice of this action and arrest of the Lexus by publication in the Modesto Bee.  Such notice appeared in the Modesto Bee on April 21 and 28, 2005 and May 5, 2005, and the Government filed proof of such publication on May 20, 2005.

On December 29, 2004, the Government by certified mail served Mr. Romero and Mr. Roque's attorneys copies of the complaint, arrest warrant, publication order and court notices.  On March 22, 2005, the Government personally served Ms. Morales with copies of the complaint, arrest warrant, publication order and court notices. On March 24, 2005, the Government personally served Mr. Romero with copies of the complaint, arrest warrant, publication order and court notices.  On May 6, 2005, a deputy U.S. Marshal personally served on Mr. Roque's daughter at his home copies of the complaint, arrest warrant, publication order and court notices.  The Government characterizes Mr. Roque's daughter as "a person of suitable age and discretion."

The Government by certified mail had served Martinez Used Cars copies of the complaint, arrest warrant, publication order and court notices on December 21, 2004.

On March 22 and 25, 2005 and May 6, 2005, a deputy U.S. Marshal attempted to serve "James Romero" with copies of the complaint, arrest warrant, publication order and court notices at the Turlock

address listed on the Lexus' title documents.  The deputy U.S. Marshal left a note on the residence's door after unsuccessful service attempts.  When the deputy U.S. Marshal served Mr. Roque's daughter on May 6, 2005, the deputy U.S. Marshal determined from the daughter that no "James Romero" exists in the family.

### Stipulation For Final Forfeiture Judgment And Default Entries

Mr. Romero and the Government entered into a December 13, 2005 stipulation for final forfeiture judgment by which Mr. Romero agreed to forfeit his right, title and interest in the Lexus and that:

1. He is the Lexus' sole owner;
2. The Lexus' title was placed in James Romero's name to disguise Mr. Romero's true ownership interest;
3. There is no James Romero in his family;
4. The Lexus was in Mr. Romero's possession when seized on July 21, 2004; and
5. There was reasonable cause for seizure/arrest of the Lexus.

In a December 2004 interview with an FBI agent, Ms. Morales noted that she did not know James Romero, the Lexus' listed registered owner, and there was no James Romero in her immediate or extended family.  Ms. Morales noted that she had no knowledge that Mr. Roque, her cousin, owned the Lexus and had never seen Mr. Roque drive the Lexus.

After the Government's requests, this Court's clerk entered in this action June 8, 2005 defaults against Mr. Romero, Ms. Morales, Mr. Roque, and Martinez Used Cars.

### DISCUSSION

### Complaint's Sufficiency

The Government contends that its complaint's allegations and issuance of the arrest warrant based on probable cause "provide ample basis" for the Lexus' forfeiture.  A complaint's sufficiency is a factor to consider whether to grant default judgment.  *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).  The Government notes that its complaint's allegations arise from the underlying parallel criminal prosecution of Mr. Romero.  Thus, according to the Government, the Lexus is subject to forfeiture under 21 U.S.C. 881(a)(6) ("all proceeds traceable" to monies exchanged for a controlled

1  substance are subject to forfeiture).

2  The Government attributes Mr. Romero to admit that he purchased the Lexus with monies from methamphetamine sales. Mr. Romero entered into a written stipulation to forfeit his right, title and interest in the Lexus and to acknowledge, among other things, that he is the Lexus' sole owner and possessed the Lexus when it was seized, and that there was reasonable cause for seizure/arrest of the Lexus. As noted by the Government, Mr. Romero pled guilty to conspiracy to manufacture and distribute methamphetamine. In the absence of assertion of other interests in the Lexus, this Court is not in a position to question the sufficiency of the Government's claims in this action.

### Notice Requirements

The Government contends that it provided required notice for the Lexus' forfeiture. The Fifth Amendment's Due Process Clause prohibits the Government to deprive property without "due process of law." Individuals whose property interests are at stake are entitled to "notice and an opportunity to be heard." *United States v. James Daniel Good Real Property*, 510 U.S. 43, 48, 114 S.Ct. 492 (1993).

Judicial property forfeitures are governed by the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules"). Supplemental Rule C(4) requires the Government to give notice of forfeiture proceedings by publication alone. This Court's Local Admiralty and In Rem Rules echo Supplemental Rule C(4)'s notice of forfeiture action by court-ordered publication in a newspaper of general circulation in the district where the action is filed. *See* Local Rule A-530 (incorporating Local Rule 83-171 by which court is to designate appropriate newspaper and manner of publication). The Government accomplished such notice with the publication order and publishing notice of this action and the arrest of the Lexus in the Modesto Bee in spring 2005.

However, when the Government knows of an owner of defendant property, the owner has a constitutional right of due process to require "the Government to make a greater effort to give him notice than otherwise would be mandated by Supplemental Rule C(4)." *United States v. Real Property*, 135 F.3d 1312, 1315 (9th Cir. 1998). For such persons, the Government must attempt to provide actual notice by means "'reasonably calculated under all circumstances' to apprise [the person] of the pendency of the . . . forfeiture[.]" *Dusenberry v. United States*, 534 U.S. 161, 168, 122 S.Ct. 694 (2002). The Government must provide such notice "as one desirous of actually informing the absentee might

reasonably adopt to accomplish it." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315, 70 S.Ct. 652 (1950). "Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice." *Mesa Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005).

This Court's Local Rule A-540 addresses notice to persons known to have an interest in property subject to forfeiture. The rule requires that a party seeking default judgment in an action in rem to show to the Court's satisfaction that due notice and arrest of the property has been given by: (1) publication; (2) if the property is in the hands of a law enforcement officer, by personal service on the person having custody prior to its possession by law enforcement agency or officer; and (3) by personal service or certified mail, return receipt requested, to every other person who has not appeared in the action and is known to have an interest in the property; provided that failure to give actual notice to such other person may be excused upon a satisfactory showing of diligent efforts to give such notice without success. Local Rule A-540(a).

Putting aside the Supplemental Rules and Local Rule A-540(a), the Government provides sufficient notice if such notice complies with F.R.Civ.P. 4 requirements. *See* F.R.Civ.P. 4(n)(1) (when a federal statute authorizes forfeiture, "[n]otice to claimants of the property shall then be sent in the manner provided by statute or by service of a summons under this rule.")

Here, the Government personally served Mr. Romero and Ms. Morales with the complaint, arrest warrant, publication order and court notices. The Government accomplished substituted service of the documents on Mr. Roque. *See* F.R.Civ.P. 4(e)(2). The Government took further measures to provide notice by certified mail to attorneys for Mr. Romero and Mr. Roque and to Martinez Used Cars. The record demonstrates and Mr. Romero admitted that "James Romero" does not exist. Of key importance, Mr. Romero stipulated that he is the Lexus' sole owner and possessed it when seized and that reasonable cause exists to seize/arrest the Lexus. No notice issues arise as to the Lexus' forfeiture.

### Failure To Answer

The Government contends that this Court's clerk properly entered defaults against Mr. Romero, Ms. Morales, Mr. Roque and Martinez Used Cars. Supplemental Rule C(6)(a) addresses responsive pleadings in civil forfeiture actions such as this and requires a person who asserts an interest in or right

1  against the subject property to file a verified statement to identify the interest or right within 30 days
2  after the earlier of: (1) service of the Government's complaint; or (2) completion of publication notice.
3  Failure to comply with Supplemental Rule C(6) requirements precludes a person to establish standing
4  as a party to a forfeiture action. *Real Property*, 135 F.3d at 1317.

5        As outlined above, the Government by certified mail served Martinez Used Cars with the
6  complaint on December 21, 2004.  The Government personally served its complaint on Ms. Morales on
7  March 22, 2005 and on Mr. Morales on March 24, 2005.  Publication notice was completed on May 5,
8  2005, and the Government filed proof of such publication notice on May 20, 2005.  The Government
9  accomplished substituted service of its complaint on Mr. Roque on May 6, 2005.  More than 30 days
10 have passed since completion of publication notice and since service of the complaint on Mr. Romero,
11 Ms. Morales, Mr. Roque and Martinez Used Cars.  This Court's clerk properly entered defaults upon
12 failure of the potential claimants to respond to the Government's complaint and notices.

### Default Judgment

14       The Government seeks judgment against the interests of Mr. Romero, Ms. Morales, Mr. Roque
15 and Martinez Used Cars and final forfeiture judgment to vest in the Government all right, title and
16 interest in the Lexus.  The Supplemental Rules do not provide a procedure to seek default judgment.
17 Supplemental Rule A provides: "The general Rules of Civil Procedure for the United States District
18 Courts are also applicable to the foregoing proceedings except to the extent that they are inconsistent
19 with these Supplemental Rules."

20       Default entry is a prerequisite to default judgment.  F.R.Civ.P. 55(a) governs entry of default:
21 "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise
22 defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall
23 enter the party's default."  Generally, the default entered by the clerk establishes a defendant's liability:

> Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment.  "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages will be taken as true." (citations omitted). *Geddes v. United Financial Group,* 559 F.2d 557, 560 (9th Cir. 1977).

27 *Televideo Systems, Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987).

28       As noted above, the Government properly obtained default entries against the interests of Mr.

Romero, Ms. Morales, Mr. Roque and Martinez Used Cars. There is no impediment to default judgment sought by the Government as to them. The Government has entered into a stipulation for final forfeiture judgment with Mr. Romero. Nonetheless, the Government seeks judgment against the interests of the entire world, that is, a final forfeiture judgment to vest in the Government all right, title and interest in the Lexus. "A judgment in rem affects the interests of all persons in designated property. . . . [T]he plaintiff is seeking to secure a pre-existing claim in the subject property and to extinguish or establish the nonexistence of similar interests of particular persons." *Hanson v. Denckla*, 357 U.S. 235, 246, n. 12, 78 S.Ct. 1228 (1958).

In light of the defaults and stipulation for final judgment noted above, a final forfeiture judgment is in order for the Government.

**RECOMMENDATIONS AND ORDER**

For the reasons discussed above, this Court RECOMMENDS to:

1. GRANT plaintiff United States of America default judgment against the interests of Frank Gabriel Romero, Monica Morales, James Roque and Martinez Used Cars in the 1999 Lexus GS 400, vehicle identification number JT8BH68X6X0018002, license number 5CKC924;

2. ENTER final forfeiture judgment to vest in plaintiff United States of America all right, title and interest in the 1999 Lexus GS 400, vehicle identification number JT8BH68X6X0018002, license number 5CKC924; and

3. ORDER plaintiff United States of America, within 10 days of service of an order adopting the findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with the findings and recommendations and order adopting them.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304. No later than August 31, 2006, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties and the magistrate judge and otherwise in compliance with this Court's Local Rule 72-304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Responses to objections shall be filed and served no later than September 11, 2006 and otherwise in compliance with this Court's Local Rule 72-304(d). A copy of the responses shall be served on the magistrate judge. The district judge will review the magistrate judge's findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 17, 2006**              /s/ Lawrence J. O'Neill
66h44d                                         UNITED STATES MAGISTRATE JUDGE